IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOE W. AGRICOLA, )
)
    Plaintiff, )
)
v. )   CIVIL ACTION NO.: CV204-096
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Thomas R. Bryan, Jr., ("the ALJ" or "ALJ Bryan") denying his claim for a period of disability and Disability Insurance Benefits. Plaintiff urges the Court to remand this case with instructions for a proper determination of the evidence, in accordance with the fourth sentence of 42 U.S.C.A. § 405(g). Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff filed an application for a period of disability and Disability Insurance Benefits on June 19, 2000, alleging that he became disabled on September 30, 1999, due to degenerative disc disease of the lumbar spine, spondylosis, neck pain, right shoulder pain, and right knee pain. (Tr. at 17.) After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On October 9, 2001, ALJ Bryan held a hearing at which Plaintiff appeared and testified. Plaintiff was represented by counsel at that hearing. Plaintiff's wife also testified at this hearing. (Tr. at 16.) The ALJ sent proposed interrogatories to James S. Waddington, a vocational expert, on March

11, 2002. (Tr. at 16, 123.) ALJ Bryan found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 16.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 7.)

Plaintiff, born on December 28, 1951, was fifty (50) years old when ALJ Bryan issued his decision. He has the equivalent of a high school education. (Tr. at 21.) His past relevant work experience includes employment as a rod buster. (Tr. at 17.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed.2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed

2

disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of September 30, 1999, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 23.) At Step Two, the ALJ determined that Plaintiff had a combination of impairments considered severe within the Act. (Id.) However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.) At the next step, ALJ Bryan concluded that Plaintiff was unable to perform any of his past relevant work and that Plaintiff had no transferrable skills from any past relevant work. However, at the next step, the ALJ found that Plaintiff retained the residual functional capacity to perform substantially all of the requirements of light work.[1] (Tr. at 22.) Finally, the ALJ noted that there were a significant number of jobs in the national economy that Plaintiff could perform.

---

[1] ALJ Bryan defined this type of work as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, an individual must have the ability to do substantially all of these activities. If an individual can perform light work, he can also perform sedentary work unless there are additional limiting factors such as the loss of fine dexterity or inability to sit for long periods." (Tr. at 22.)

3

## ISSUES PRESENTED

Plaintiff asserts that the ALJ erred in:

I. Failing to properly apply the pain standard and in evaluating Plaintiff's credibility;

II. Sustaining his burden of establishing that there is other work in the national economy Plaintiff can perform; and

III. Failing to consider awarding a closed period of disability as the evidence documents that, at a minimum, Plaintiff was unable to work for over a year.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner

4

applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

**I.   ALJ Bryan's Determination That Plaintiff was not Credible is Insufficient.**

Plaintiff alleges that ALJ Bryan provided no specific reason for finding him "not totally credible." (Pl.'s Br., p. 15.) Plaintiff asserts that the ALJ's summary conclusion as to his credibility is insufficient as a matter of law. Plaintiff contends that ALJ Bryan failed to acknowledge: Dr. Ronald Lehman's opinion that Plaintiff was credible regarding his shoulder pain; Plaintiff's "persistent efforts to obtain pain relief enhanced his credibility" (Pl.'s Br., p. 17); the various factors set forth in 20 C.F.R. § 404.1529 in assessing Plaintiff's credibility; and Plaintiff's "excellent work history." (Pl.'s Br., p. 18.)

If a plaintiff "testifies as to his subjective complaints of disabling pain and other symptoms, . . . the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir.1995)). "Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court." Id. (internal citation omitted). An ALJ's credibility determination need not "cite 'particular phrases or formulations'[,] but it cannot merely be a broad rejection which is 'not enough to enable [a reviewing court] to conclude that [the ALJ] considered [a plaintiff's] medical condition as a whole.'" Id. at 1210-11 (quoting Foote, 67 F.3d at 1561).

5

In the instant case, ALJ Bryan stated that "[b]ased on the objective findings and claimant's testimony, the undersigned finds claimant's allegations of disabling symptoms and pain not fully supported by the medical evidence of record (Social Security Ruling 96-7p)." (Tr. at 20.) ALJ Bryan also stated that he found Plaintiff's "allegations regarding his limitations are not totally credible for the reasons set forth in this decision." (Tr. at 23.) These statements represent the entirety of ALJ Bryan's determination as to Plaintiff's credibility.

These statements do not provide "explicit and adequate reasons for discrediting [Plaintiff's] allegations" of subjective complaints of pain. See Dyer, 395 F.3d at 1210. Instead, ALJ Bryan's determination in this regard appears to be conclusory and lacks enough information for the Court to determine whether ALJ Bryan considered the entirety of Plaintiff's medical conditions. Accordingly, this Court is unable to determine whether the ALJ's findings in this regard are supported by substantial evidence.

It is unnecessary to address Plaintiff's remaining enumerations of error at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C.A. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 31st day of August, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

6

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

K. Crowder
K. Wallace
C. DiLorrenzo

CASE NO: CV204-96
DATE SERVED: 8/31/05
SERVED BY: slt

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate